SHAIN WASSER (SBN 293706)
shain.wasser@kennedyslaw.com
KENNEDYS CMK LLP
915 Wilshire Blvd., Suite 700
Los Angeles, CA 90017
T: (213) 224-0742
F: (415) 323-4445

TRAVIS WALL (SBN 191662)
travis.wall@kennedyslaw.com
KENNEDYS CMK LLP
455 Market Street, Suite 1900
San Francisco, CA 94105
T: (415) 323-4487
F: (415) 323-4445

Attorneys for Defendant,
STATE FARM FIRE AND CASUALTY COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REZA VEISEH, an individual;<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>STATE FARM FIRE AND CASUALTY COMPANY; and DOES 1 through 100, inclusive,<br><br>　　　　Defendants. | Case No. 2:26-cv-01515<br><br>**STATE FARM FIRE AND CASUALTY COMPANY'S ANSWER TO COMPLAINT**<br><br>Complaint Filed:  October 14, 2025<br>Trial Date:  TBD |

Defendant STATE FARM FIRE AND CASUALTY COMPANY (hereinafter "State Farm") responds to the Complaint filed by Plaintiff REZA VEISEH (hereinafter "Plaintiff") as follows:

## JURISDICTION AND VENUE

1.     Answering Paragraph 1 of the Complaint, State Farm denies the Los Angeles County Superior Court has original jurisdiction over this matter. Pursuant to 28 U.S.C. § 1332(a), the United States District Court for the Central District of California has jurisdiction based on diversity of citizenship. Accordingly, the case was properly removed to the United States District Court for the Central District of

California pursuant to 28 U.S.C. § 1441(a), as complete diversity of citizenship exists between the parties and the matter in controversy exceeds $75,000, exclusive of interests and costs. *See* 28 U.S.C. § 1332(a), 144(a), & 1446(b).

2.    Answering Paragraph 2 of the Complaint, State Farm denies that the Los Angeles County Superior Court was the proper venue, but because the Complaint was filed there, the appropriate venue is the United States District Court for the Central District of California, Western Division. See U.S.C. §§ 84(c)(2), 1391(b), 1441(a).

## PARTIES

3.    Answering Paragraph 3 of the Complaint, State Farm admits that Plaintiff is an individual and resident of Los Angeles, California.

4.    Answering Paragraph 4 of the Complaint, State Farm denies it is a foreign corporation, but admits that it is an Illinois corporation with a principal place of business in Illinois, and that it is a corporation registered to do business in California at all relevant times, and that it provided Plaintiff with a homeowner's insurance policy.

## FACTUAL ALLEGATIONS

5.    Answering the second Paragraph labelled Paragraph 4 in Plaintiff's complaint, State Farm admits only that on or about October 14, 2022, Plaintiff sustained water damage resulting from a peril, and that for some of the resulting damage State Farm extended coverage under the terms of a homeowner's insurance policy pursuant to Claim No. 75-40R3-84V. State Farm denies the remaining allegations.

6.    Answering Paragraph 5 of the Complaint, State Farm admits only that the Plaintiff reported the loss to State Farm and initiated a claim, but denies the rest of the allegations as factually inaccurate. State Farm denies any characterisation about the Plaintiff's adherence to policy terms or promptness in reporting, and further asserts that these characterizations call for legal conclusions to which no response is required.

7.    Answering Paragraph 6 of the Complaint, State Farm admits only that an initial payment was extended to Plaintiff in connection with Claim No. 75-40R3-84V, but denies the rest of the allegations as factually inaccurate. State Farm denies that the

payment was unreasonably low or insufficient to cover the scope of claimed and covered damages, and State Farm further asserts that such allegations call for legal conclusions to which no response is required. State Farm further lacks sufficient information to admit or deny the extent of damage and costs required to completely remediate all covered and uncovered damages. State Farm further denies these allegations as overbroad, vague and ambiguous to the extent that they do not establish how the payment was unreasonably low or insufficient to cover the claimed damage, or otherwise factually demonstrate that any payment was ever incomplete or owed.

8.      Answering Paragraph 7 of the Complaint, State Farm only that Plaintiff supplemented the original claim at certain times after the original notice of loss, seeking additional payments, and that Plaintiff eventually sent certain estimates at certain times after the original notice of loss, but denies the rest of the allegations as factually inaccurate. State Farm denies that Plaintiff provided estimates and documents as requested or in a timely, accurate, or consistent manner. State Farm further denies that State Farm failed to timely process or approve supplemental claims as provided by Plaintiff, or that State Farm brought any excuses related to the claims or processing. This paragraph further calls for legal conclusions about the adequacy of the claims and the timeliness of claim processing, to which no response is required. State Farm further denies these allegations as overbroad, vague and ambiguous to the extent that they do not establish how State Farm rather than Plaintiff caused alleged delays, or what the delays were, in the issuance of a payment that was ever factually demonstrated to be incomplete or owed.

9.      Answering Paragraph 8 of the Complaint, State Farm admits only that on or about December 23, 2024, State Farm issued a letter to Plaintiff pertaining to Plaintiff's claim or claims, and the rest of the allegations are denied as factually inaccurate. State Farm denies Plaintiff's characterization about the contents of this letter, which is a writing that speaks for itself, and further denies that mold was part of the original loss claimed and investigated in the initial inspection, and that State Farm

1  is responsible for the worsening of the mold in any way. Upon information and belief,

2  the mold was caused by Plaintiff's own failure to mitigate the water damage or the

3  spread of the mold. Further, State Farm further denies these allegations as overbroad,

4  vague and ambiguous to the extent that they do not explain the alleged inaccuracy of

5  stating that Plaintiff's failure to mitigate caused the damage to worsen or how State

6  Farm rather than Plaintiff caused alleged delays, or what the alleged delays were, in

7  issuance of a payment that was ever factually demonstrated to be incomplete or owed.

8      10.   Answering Paragraph 9 of the Complaint, State Farm admits only that

9  State Farm denied coverage for termite and ant infestations. State Farm lacks sufficient

10  information to admit or deny whether that those infestations developed as a direct

11  consequence of the water damage, and further asserts that these allegations call for legal

12  conclusion, which are not recognized in federal court, and to which no response is

13  required. State Farm further denies the allegation that State Farm failed to address or

14  resolve the claim in a timely manner as factually inaccurate, and further asserts that this

15  allegation calls for legal conclusion, to which no response is required. State Farm further

16  denies these allegations as overbroad, vague and ambiguous to the extent that it is

17  unclear what Plaintiff is alleging State Far did to create delays or fail to resolve he

18  claims in a timely manner. State Farm denies the rest of the allegations as factually

19  inaccurate.

20      11.   Answering Paragraph 10 of the Complaint, State Farm admits only that no

21  additional payments were made to Plaintiff besides the original payment made and

22  references in Paragraph 6 of the Complaint. State Farm denies that the number of

23  adjusters assigned to Plaintiff's claim is relevant, and further denies that Plaintiff was

24  required to resubmit redundant documentation and estimates, or that there was any delay

25  to resolution as a result of State Farm's claim handling. State Farm further asserts that

26  allegations about the timeliness of State Farm's responses improperly call for legal

27  conclusion, to which no response is required. State Farm further denies these allegations

28  as overbroad, vague and ambiguous to the extent that it is unclear how requests for

4

documentations or estimates delayed resolution, what delays were caused by State Farm's responses or omissions, what the impermissibly long timeline for resolution was, or what final payment was owed and unreasonably withheld.

12.    Answering Paragraph 11 of the Complaint, State Farm denies this paragraph entirely. State Farm specifically denied as factually inaccurate that Plaintiff complied with all requests for documentation and estimates, that State farm stalled or otherwise failed to act on submitted materials in a timely fashion, and that Plaintiff's damage worsened as a result of State Farm's actions or omissions. State Farm further denies these allegations as overbroad, vague and ambiguous to the extent that it is unclear how Plaintiff complied with requests and the timeliness of Plaintiff's own compliance, what delays were caused by State Farm's responses or omissions, what the impermissibly long timeline for resolution was, and what final payment was owed and unreasonably withheld.

13.    Answering Paragraph 12 of the Complaint, State Farm denies the allegations of this paragraph as irrelevant and immaterial, as well as overbroad, vague, and ambiguous for failing to specifically allege how State Farm's acts or omissions in fact resulted in the alleged uninhabitability of the home and reasonably prevented Plaintiff from being able to host a celebration at the property, or at a suitable alternative location within a distance or budget that allowed for Plaintiff's attendance. Further, State Farm lacks sufficient knowledge to admit or deny these allegations.

14.    Answering Paragraph 13 of the Complaint, State Farm denies the allegations of this paragraph as irrelevant and immaterial, as well as overbroad, vague, and ambiguous for failing to specifically allege how State Farm's acts or omissions in fact reasonably prevented Plaintiff from being able to host a celebration at the property, or at a suitable alternative location within a distance or budget that allowed for Plaintiff's attendance; to specify the nature of the financial strain and how State Farm acted unreasonably or unjustly to cause it; and also for failing to specifically allege how

STATE FARM GENERAL INSURANCE COMPANY, INC.'S ANSWER TO COMPLAINT
Case No. 2:26-cv-01515

1  rising contractor prices relate to any alleged acts or omissions on the part of State Farm.

2  Further, State Farm lacks sufficient knowledge to admit or deny these allegations.

3      15.    Answering Paragraph 14 of the Complaint, the paragraph contains legal

4  conclusions related to State Farm defendants, to which no response is required. To the

5  extent a response is required, State Farm denies the allegations. State Farm further

6  denies these allegations as overbroad, vague, and ambiguous for failing to set out with

7  specificity how State Farm's conduct amounted to unjustified delay, misrepresentation,

8  failure to investigate, failure to honor any policy obligations, breach of contract, or bad

9  faith.

10     16.    Answering Paragraph 15 of the Complaint, the paragraph contains legal

11  conclusions related to State Farm defendants, to which no response is required. To the

12  extent a response is required, State Farm denies the allegations. State Farm further

13  denies these allegations as overbroad, vague, and ambiguous for failing to set out with

14  specificity how State Farm's conduct in fact caused any specific financial hardship,

15  emotional distress, or an inability to restore the home.

16                          **FIRST CAUSE OF ACTION**

17                   **(Breach of Contract – Against All Defendants)**

18     17.    Answering Paragraph 16 of the Complaint, State Farm incorporates its

19  responses to Paragraphs 1 to 15, inclusive, as through set forth in full.

20     18.    Answering Paragraph 17 of the Complaint, State Farm admits only to

21  issuing a homeowner's insurance policy to Plaintiff, but denies Plaintiff's

22  characterizations about the contents of that policy, which is a writing that speaks for

23  itself.

24     19.    Answering Paragraph 18 of the Complaint, the paragraph contains legal

25  conclusions related to State Farm, to which no response is required. To the extent a

26  response is required, State Farm denies the allegations. State Farm further denies these

27  allegations as overbroad, vague, and ambiguous for failing to set out with specificity

28

how State Farm's conduct amounted to breach, failure to pay an amount owed under the policy, or failure to honor any policy obligations.

20.    Answering Paragraph 19 of the Complaint, State Farm denies Plaintiff's allegations of making numerous and timely demands for payment, or that any owed payment is outstanding, and otherwise denies the allegations of this paragraph as overbroad, vague and ambiguous. This paragraph also contains legal conclusions related to State Farm, to which no response is required. To the extent a response is required, State Farm denies the allegations. State Farm further denies these allegations as overbroad, vague, and ambiguous for failing to set out with specificity how State Farm's conduct caused unjustifiable delays, amounted to underpayment, or otherwise amounted to a wrongful denial of coverage under the Policy.

21.    Answering Paragraph 20 of the Complaint, State Farm denies the paragraph entirely. State Farm denies Plaintiff's allegations that State farm failed or refused to provide meaningful or timely resolution to a claim, or in any way caused unreasonable delays to in their claims handling, and further denies that Plaintiff made repeated meaningful efforts to communicate and resolve the matter. State Farm further denies these allegations as overbroad, vague and ambiguous for failing to set out what conduct on the part of State Farm caused delay, how any alleged delays were unjustifiable, how any payments were insufficient, and how coverage was denied wrongfully pursuant to the Policy terms. Further, this paragraph also contains legal conclusions related to State Farm, to which no response is required. To the extent a response is required, State Farm denies the allegations.

22.    Answering Paragraph 21 of the Complaint, State Farm denies the paragraph entirely. State Farm further denies the allegations of this paragraph as being overbroad, vague, and ambiguous for failing to set out the factual basis of any alleged breach, how any specific acts or omissions by State Farm caused any delays or damages, how specifically Plaintiff would have been unable to pay for or restore the property, how costs increased and how that was caused by any of State Farm's specific acts or

omissions, how any amount was owed to Plaintiff by State Farm, or how Plaintiff specifically suffered as a direct consequence of State Farm's acts or omissions. State Farm also lacks sufficient information to admit or deny Plaintiff's allegations that Plaintiff suffered any damages or distress, was unable to repair the property, lost use, enjoyment or value of the property, or has increased costs for repairs due to any delay. State Farm therefore denies these allegations. State Farm also denies these allegations as calling for legal conclusions, to which no response is required.

23.    Answering Paragraph 22 of the Complaint, State Farm denies Plaintiff's allegations entirely. This paragraph also contains legal conclusions related to State Farm, to which no response is required. To the extent a response is required, State Farm denies the allegations.

24.    Answering Paragraph 23 of the Complaint, State Farm denies Plaintiff's allegations entirely. This paragraph also contains legal conclusions related to State Farm, to which no response is required. To the extent a response is required, State Farm denies the allegations.

## SECOND CAUSE OF ACTION

### (First-Party Bad Faith – Against All Defendants)

25.    Answering Paragraph 24 of the Complaint, State Farm incorporates its responses to Paragraphs 1 to 23, inclusive, as through set forth in full.

26.    Answering Paragraph 25 of the Complaint, State Farm denies Plaintiff's allegations entirely. This paragraph also contains legal conclusions related to State Farm, to which no response is required. To the extent a response is required, State Farm denies the allegations. State Farm also denies the allegations of this paragraph as overbroad, vague, and ambiguous for failing to set out the specific acts or omissions that Plaintiff alleges amount to a duty, an entitlement to payment under the Policy, or a failure to resolve the claim promptly and fully.

27.    Answering Paragraph 26 of the Complaint, State Farm denies Plaintiff's allegations entirely. This paragraph also contains legal conclusions related to State

Farm, to which no response is required. To the extent a response is required, State Farm denies the allegations. State Farm also denies the allegations of this paragraph as overbroad, vague, and ambiguous for failing to set out what specific acts or omissions on the part of State Farm: caused delays in any owed payments or coverage obligations, amounted to unjustifiable conduct, undermined or mishandled legitimate claims under the Policy, impacted Plaintiff's ability to submit claims or supplement claims, caused any delays or prejudice, amounted to misrepresentation or concealment of any terms of coverage, amounted to fabricated or erroneous denials, amounted to failures to timely or reasonably investigate or pay owed claims, amounted to bad faith, or amounted to a wilful refusal to settle.

28.    Answering Paragraph 27 of the Complaint, State Farm denies Plaintiff's allegations entirely. This paragraph also contains legal conclusions related to State Farm, to which no response is required. To the extent a response is required, State Farm denies the allegations. State Farm also denies the allegations of this paragraph as overbroad, vague, and ambiguous for failing to set out the specific acts or omissions that Plaintiff alleges amount to a pattern or practice of delay or misrepresentations, attempts to minimize payments, or conscious disregard for Plaintiff's rights.

29.    Answering Paragraph 28 of the Complaint, State Farm denies Plaintiff's allegations entirely. This paragraph also contains legal conclusions related to State Farm, to which no response is required. To the extent a response is required, State Farm denies the allegations. State Farm also denies the allegations of this paragraph as overbroad, vague, and ambiguous for failing to set out the specific acts or omissions that Plaintiff alleges amount to bad faith conduct or otherwise unjustly caused financial harm, distress, or loss of use or enjoyment of property. State Farm also lacks sufficient information to admit or deny Plaintiff's allegations that Plaintiff suffered any financial harm or distress, or otherwise lost use or enjoyment of the property. State Farm therefore denies these allegations.

STATE FARM GENERAL INSURANCE COMPANY, INC.'S ANSWER TO COMPLAINT
Case No. 2:26-cv-01515

30.     Answering Paragraph 29 of the Complaint, State Farm denies Plaintiff's allegations entirely. This paragraph also contains legal conclusions related to State Farm, to which no response is required. To the extent a response is required, State Farm denies the allegations. State Farm also denies the allegations of this paragraph as overbroad, vague, and ambiguous for failing to set out the specific acts or omissions that Plaintiff alleges amount to oppressive, malicious,, or fraudulent conduct.

31.     Answering Paragraph 30 of the Complaint, State Farm denies Plaintiff's allegations entirely. This paragraph also contains legal conclusions related to State Farm, to which no response is required. To the extent a response is required, State Farm denies the allegations. State Farm also denies the allegations of this paragraph as overbroad, vague, and ambiguous for failing to set out the specific acts or omissions that Plaintiff alleges amounts to bad faith.

32.     Answering Paragraph 31 of the Complaint, State Farm denies Plaintiff's allegations entirely. This paragraph also contains legal conclusions related to State Farm, to which no response is required. To the extent a response is required, State Farm denies the allegations. State Farm also denies the allegations of this paragraph as overbroad, vague, and ambiguous for failing to set out the specific acts or omissions that Plaintiff alleges amounts to wilful, oppressive, or malicious conduct, or disregard for Plaintiff's rights.

33.     Answering Paragraph 32 of the Complaint, State Farm denies Plaintiff's allegations entirely. This paragraph also contains legal conclusions related to State Farm, to which no response is required. To the extent a response is required, State Farm denies the allegations. State Farm also denies the allegations of this paragraph as overbroad, vague, and ambiguous for failing to set out the specific acts or omissions that Plaintiff alleges amounts to a pattern of unfair claims handling practice or violation of Insurance Code or common law principles.

34.     Answering Paragraph 33 of the Complaint, State Farm denies Plaintiff's allegations entirely. This paragraph also contains legal conclusions related to State

Farm, to which no response is required. To the extent a response is required, State Farm denies the allegations. State Farm also denies the allegations of this paragraph as overbroad, vague, and ambiguous for failing to set out the specific acts or omissions that Plaintiff alleges entitles him to damages, interest, or fees.

## **THIRD CAUSE OF ACTION**

### **(Breach of Implied Covenant of Good Faith and Fair Dealing – Against All Defendants)**

35.    Answering Paragraph 34 of the Complaint, State Farm incorporates its responses to Paragraphs 1 to 33, inclusive, as through set forth in full.

36.    Answering Paragraph 35 of the Complaint, State Farm asserts that this paragraph contains legal conclusions related to State Farm, to which no response is required. To the extent a response is required, State Farm denies the allegations. State Farm further denies the allegations of this paragraph to the extent that they characterize the contents and meaning of the Policy, which is a writing that speaks for itself.

37.    Answering Paragraph 36 of the Complaint, State Farm denies Plaintiff's allegations entirely. This paragraph also contains legal conclusions related to State Farm, to which no response is required. To the extent a response is required, State Farm denies the allegations. State Farm also denies the allegations of this paragraph as overbroad, vague, and ambiguous for failing to set out the specific acts or omissions that Plaintiff alleges amount to breach of any duty, failure to investigate or evaluate Plaintiff's claim, misrepresentation of the terms or scope of coverage, unjustifiable delay of an owed payment, or a wrongful denial of coverage legitimately owed under the Policy.

38.    Answering Paragraph 37 of the Complaint, State Farm denies Plaintiff's allegations entirely. This paragraph also contains legal conclusions related to State Farm, to which no response is required. To the extent a response is required, State Farm denies the allegations. State Farm also denies the allegations of this paragraph as

overbroad, vague, and ambiguous for failing to set out the specific acts or omissions that Plaintiff amount to breach of any duty or caused any harm. State Farm also lacks sufficient information to admit or deny Plaintiff's allegations that Plaintiff suffered any financial harm or distress, or otherwise was unable to fully repair and restore the property. State Farm therefore denies these allegations.

39. Answering Paragraph 38 of the Complaint, State Farm denies Plaintiff's allegations entirely. This paragraph also contains legal conclusions related to State Farm, to which no response is required. To the extent a response is required, State Farm denies the allegations. State Farm also denies the allegations of this paragraph as overbroad, vague, and ambiguous for failing to set out the specific acts or omissions that Plaintiff amount to delaying investigation, underpaying the claim, rotating adjusters without reason or failing to reasonably settle the loss. Further, State Farm denies the allegation about rotating adjusters as irrelevant.

40. Answering Paragraph 39 of the Complaint, State Farm denies Plaintiff's allegations entirely. This paragraph also contains legal conclusions related to State Farm, to which no response is required. To the extent a response is required, State Farm denies the allegations. State Farm also denies the allegations of this paragraph as overbroad, vague, and ambiguous for failing to set out the specific acts or omissions that Plaintiff alleges amount to damages caused by State Farm. State Farm also lacks sufficient information to admit or deny Plaintiff's allegations that Plaintiff suffered any financial harm or distress, or otherwise was unable to fully repair and restore the property. State Farm therefore denies these allegations.

41. Answering Paragraph 40 of the Complaint, State Farm denies Plaintiff's allegations entirely. This paragraph also contains legal conclusions related to State Farm, to which no response is required. To the extent a response is required, State Farm denies the allegations. State Farm also denies the allegations of this paragraph as overbroad, vague, and ambiguous for failing to set out the specific acts or omissions that Plaintiff alleges amount to breach and show direct or proximate cause to damages.

**FOURTH CAUSE OF ACTION**

**(Violation of California Insurance Code Section 790.03 – Against All Defendants)**

42. Answering Paragraph 41 of the Complaint, State Farm incorporates its responses to Paragraphs 1 to 40, inclusive, as through set forth in full.

43. Answering Paragraph 42 of the Complaint, State Farm asserts that this paragraph contains legal conclusions related to State Farm, to which no response is required. To the extent a response is required, State Farm denies the allegations. State Farm further denies the allegations of this paragraph to the extent that they characterize the contents and meaning of the California Insurance Code, which is a writing that speaks for itself.

44. Answering Paragraph 43 of the Complaint, State Farm asserts that this paragraph contains legal conclusions related to State Farm, to which no response is required. To the extent a response is required, State Farm denies the allegations. State Farm also denies the allegations of this paragraph as overbroad, vague, and ambiguous for failing to set out the specific acts or omissions that Plaintiff alleges amount to unreasonable delays in processing or paying a legitimate claim, misrepresentation of policy terms, or failure to timely and adequately compensate the Plaintiff. State Farm further denies the allegations of this paragraph to the extent that they characterize the contents and meaning of the California Insurance Code, which is a writing that speaks for itself.

45. Answering Paragraph 44 of the Complaint, State Farm asserts that this paragraph contains legal conclusions related to State Farm, to which no response is required. To the extent a response is required, State Farm denies the allegations. State Farm also denies the allegations of this paragraph as overbroad, vague, and ambiguous for failing to set out the specific acts or omissions that Plaintiff alleges amount to unfair practices or deprivation of owed benefits under the Policy, or which otherwise caused damage or distress, or increased repair costs. State Farm also lacks sufficient information to admit or deny Plaintiff's allegations that Plaintiff suffered any financial

13

harm or distress, or otherwise incurred increased repair costs to restore the property. State Farm therefore denies these allegations.

46.    Answering Paragraph 45 of the Complaint, State Farm asserts that this paragraph contains legal conclusions related to State Farm, to which no response is required. To the extent a response is required, State Farm denies the allegations. State Farm further denies the allegations of this paragraph to the extent that they characterize the contents and meaning of the California Insurance Code, which is a writing that speaks for itself.

## **FIFTH CAUSE OF ACTION**

### **(Negligence – Against All Defendants)**

47.    Answering Paragraph 46 of the Complaint, State Farm incorporates its responses to Paragraphs 1 to 45, inclusive, as through set forth in full.

48.    Answering Paragraph 47 of the Complaint, State Farm asserts that this paragraph contains legal conclusions related to State Farm, to which no response is required. To the extent a response is required, State Farm denies the allegations.

49.    Answering Paragraph 48 of the Complaint, State Farm asserts that this paragraph contains legal conclusions related to State Farm, to which no response is required. To the extent a response is required, State Farm denies the allegations. State Farm also denies the allegations of this paragraph as overbroad, vague, and ambiguous for failing to set out the specific acts or omissions that Plaintiff alleges amount to failure to timely investigate and assess claimed damage, delaying in payments of owed benefits under the Policy, insufficient compensation for covered losses, and a failure to communicate clearly and consistently.

50.    Answering Paragraph 49 of the Complaint, State Farm asserts that this paragraph contains legal conclusions related to State Farm, to which no response is required. To the extent a response is required, State Farm denies the allegations. State Farm also denies the allegations of this paragraph as overbroad, vague, and ambiguous for failing to set out the specific acts or omissions that Plaintiff alleges amount to a

substandard insurance professional conduct, prolonged delays, increased repair costs, and any damage caused by State Farm's conduct. State Farm also lacks sufficient information to admit or deny Plaintiff's allegations that Plaintiff suffered any financial harm or distress, or otherwise incurred increased repair costs to restore the property. State Farm therefore denies these allegations.

51.    Answering Paragraph 50 of the Complaint, State Farm asserts that this paragraph contains legal conclusions related to State Farm, to which no response is required. To the extent a response is required, State Farm denies the allegations. State Farm also denies the allegations of this paragraph as overbroad, vague, and ambiguous for failing to set out the specific acts or omissions that Plaintiff alleges amount to causing Plaintiff alleged financial losses and distress. State Farm also lacks sufficient information to admit or deny Plaintiff's allegations that Plaintiff suffered any financial harm or distress, or otherwise incurred increased repair costs to restore the property. State Farm therefore denies these allegations.

52.    Answering Paragraph 51 of the Complaint, State Farm asserts that this paragraph contains legal conclusions related to State Farm, to which no response is required. To the extent a response is required, State Farm denies the allegations.

## SIXTH CAUSE OF ACTION

### (Fraud and Deceit – Against All Defendants)

53.    Answering Paragraph 52 of the Complaint, State Farm incorporates its responses to Paragraphs 1 to 51, inclusive, as through set forth in full.

54.    Answering Paragraph 53 of the Complaint, State Farm asserts that this paragraph contains legal conclusions related to State Farm, to which no response is required. To the extent a response is required, State Farm denies the allegations. State Farm also denies the allegations of this paragraph as overbroad, vague, and ambiguous for failing to set out the specific acts or omissions that Plaintiff alleges amount to making knowing or intentional false statements or omissions, wrongful exclusion of

mold, termite or extended water damage under the policy and representations regarding the same, failure to mitigate as a result State Farm's acts or omissions and misrepresentations regarding the same, making dishonest statements about the effects of partial settlement or consideration of supplemental payments, or otherwise delaying or ignoring requests for payments.

55.    Answering Paragraph 54 of the Complaint, State Farm asserts that this paragraph contains legal conclusions related to State Farm, to which no response is required. To the extent a response is required, State Farm denies the allegations. State Farm also denies the allegations of this paragraph as overbroad, vague, and ambiguous for failing to set out the specific acts or omissions that Plaintiff alleges amount to false representations, intent to deceive, discourage, or delay, or denial of benefits in fact owed under the policy.

56.    Answering Paragraph 55 of the Complaint, State Farm asserts that this paragraph contains legal conclusions related to State Farm, to which no response is required. To the extent a response is required, State Farm denies the allegations. State Farm also denies the allegations of this paragraph as overbroad, vague, and ambiguous for failing to set out the specific acts or omissions that Plaintiff alleges amount to reliance on representations from State Farm and detrimental consequences from that reliance, causing delay of legal action, mitigation or necessary repairs, or causing increased property damage, losses or distress. State Farm also lacks sufficient information to admit or deny Plaintiff's allegations that Plaintiff relied on representations from State Farm to their detriment, or suffered any financial harm or distress, or otherwise incurred increased repair costs to restore the property. State Farm therefore denies these allegations.

57.    Answering Paragraph 56 of the Complaint, State Farm asserts that this paragraph contains legal conclusions related to State Farm, to which no response is required. To the extent a response is required, State Farm denies the allegations. State Farm also denies the allegations of this paragraph as overbroad, vague, and ambiguous

16

1   for failing to set out the specific acts or omissions that Plaintiff alleges amount
2   intentional or malicious, disregard for Plaintiff's rights, or an intent to unjustly
3   minimize claim payouts.

4           58.    Answering Paragraph 57 of the Complaint, State Farm asserts that this
5   paragraph contains legal conclusions related to State Farm, to which no response is
6   required. To the extent a response is required, State Farm denies the allegations. State
7   Farm also denies the allegations of this paragraph as overbroad, vague, and ambiguous
8   for failing to set out the specific acts or omissions that Plaintiff alleges resulted in any
9   misconduct, or otherwise amounts to fraudulent conduct, financial losses, continuing
10  property damage, emotional distress, or loss or use and enjoyment of the home. State
11  Farm also lacks sufficient information to admit or deny Plaintiff's allegations that
12  Plaintiff in fact suffered any financial losses, continued property damage, distress, or
13  loss of use or enjoyment of the property. State Farm therefore denies these allegations.

14          59.    Answering Paragraph 58 of the Complaint, State Farm asserts that this
15  paragraph contains legal conclusions related to State Farm, to which no response is
16  required. To the extent a response is required, State Farm denies the allegations

17

18                          **SEVENTH CAUSE OF ACTION**

19                **(Fraudulent Concealment – Against All Defendants)**

20          60.    Answering Paragraph 59 of the Complaint, State Farm incorporates its
21  responses to Paragraphs 1 to 58, inclusive, as through set forth in full.

22          61.    Answering Paragraph 60 of the Complaint, State Farm asserts that this
23  paragraph contains legal conclusions related to State Farm, to which no response is
24  required. To the extent a response is required, State Farm denies the allegations. State
25  Farm further denies the allegations of this paragraph to the extent that they characterize
26  the contents and meaning of the Policy, which is a writing that speaks for itself

27          62.    Answering Paragraph 61 of the Complaint, State Farm asserts that this
28  paragraph contains legal conclusions related to State Farm, to which no response is

1   required. To the extent a response is required, State Farm denies the allegations. State

2   Farm also denies the allegations of this paragraph as overbroad, vague, and ambiguous

3   for failing to set out the specific acts or omissions that Plaintiff alleges amount to

4   attempts to obstruct or delay owed payments, or otherwise amount to intentional

5   concealment or failure to disclose critical information concerning coverages for mold

6   remediation or secondary damage, the nature of any partial payments of final

7   resolutions, or the impact of State Farm's procedures, staffing or reassignments on

8   Plaintiff's rights, if any.

9       63.    Answering Paragraph 62 of the Complaint, State Farm asserts that this

10  paragraph contains legal conclusions related to State Farm, to which no response is

11  required. To the extent a response is required, State Farm denies the allegations. State

12  Farm also denies the allegations of this paragraph as overbroad, vague, and ambiguous

13  for failing to set out the specific acts or omissions that Plaintiff alleges amount to

14  concealment of any material facts, intent to mislead, discouragement of claims activity,

15  or unjust limitation of financial liability.

16      64.    Answering Paragraph 63 of the Complaint, State Farm asserts that this

17  paragraph contains legal conclusions related to State Farm, to which no response is

18  required. To the extent a response is required, State Farm denies the allegations. State

19  Farm also denies the allegations of this paragraph as overbroad, vague, and ambiguous

20  for failing to set out the specific acts or omissions that Plaintiff alleges to have caused

21  reasonable reliance, or which otherwise amount to State Farm unjustly failing to

22  disclose information or otherwise acting in bad faith or in such a way that would prevent

23  resolution of the claims. State Farm also lacks sufficient information to admit or deny

24  Plaintiff's allegations about what information Plaintiff relied on, what reasons Plaintiff

25  had for the timing of this lawsuit, or what Plaintiff beliefs about State Farm's good faith

26  action and resolution were. State Farm therefore denies these allegations.

27      65.    Answering Paragraph 64 of the Complaint, State Farm asserts that this

28  paragraph contains legal conclusions related to State Farm, to which no response is

required. To the extent a response is required, State Farm denies the allegations. State Farm also denies the allegations of this paragraph as overbroad, vague, and ambiguous for failing to set out the specific acts or omissions that Plaintiff alleges amount to concealment or the suffering of actual damages, continued property damage, distress, or the expiration of policy benefits or rights. State Farm also lacks sufficient information to admit or deny Plaintiff's allegations about what losses and distress they may or may not suffered related to any allegations. State Farm therefore denies these allegations.

66.     Answering Paragraph 65 of the Complaint, State Farm asserts that this paragraph contains legal conclusions related to State Farm, to which no response is required. To the extent a response is required, State Farm denies the allegations. State Farm also denies the allegations of this paragraph as overbroad, vague, and ambiguous for failing to set out the specific acts or omissions that Plaintiff alleges amount to willful, malicious or conscious disregard for Plaintiff's rights.

67.     Answering Paragraph 66 of the Complaint, State Farm asserts that this paragraph contains legal conclusions related to State Farm, to which no response is required. To the extent a response is required, State Farm denies the allegations. State Farm also denies the allegations of this paragraph as overbroad, vague, and ambiguous for failing to set out the specific acts or omissions that Plaintiff alleges amount to intentional or deceptive conduct.

## EIGTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress – Against All Defendants)

68.     Answering Paragraph 67 of the Complaint, State Farm incorporates its responses to Paragraphs 1 to 67, inclusive, as through set forth in full.

69.     Answering Paragraph 68 of the Complaint, State Farm asserts that this paragraph contains legal conclusions related to State Farm, to which no response is required. To the extent a response is required, State Farm denies the allegations. State Farm also denies the allegations of this paragraph as overbroad, vague, and ambiguous for failing to set out the specific acts or omissions that Plaintiff alleges amount to

STATE FARM GENERAL INSURANCE COMPANY, INC.'S ANSWER TO COMPLAINT
Case No. 2:26-cv-01515

1   knowingly causing delays in claims processing, underpayment, misrepresentation of

2   policy coverage, failing to act in good faith, outrageousness, or deviation from the

3   bounds of decency expected in the industry.

4        70.    Answering Paragraph 69 of the Complaint, State Farm asserts that this

5   paragraph contains legal conclusions related to State Farm, to which no response is

6   required. To the extent a response is required, State Farm denies the allegations. State

7   Farm also denies the allegations of this paragraph as overbroad, vague, and ambiguous

8   for failing to set out the specific acts or omissions that Plaintiff alleges State Farm's

9   awareness of Plaintiff's dependence on any payments or that failure to pay any owed

10  payments would improperly leave Plaintiff in an unsafe or highly stressful situation, or

11  that Plaintiff in fact depended on any timely, owed claim payments to repair damage or

12  prevent mold or further deterioration. State Farm also lacks sufficient information to

13  admit or deny Plaintiff's allegations that Plaintiff depended on action from State Farm,

14  otherwise was unable to repair covered damages, prevent mold growth or deterioration

15  of the property, or otherwise in an unsafe or stressful situation. State Farm therefore

16  denies these allegations.

17       71.    Answering Paragraph 70 of the Complaint, State Farm asserts that this

18  paragraph contains legal conclusions related to State Farm, to which no response is

19  required. To the extent a response is required, State Farm denies the allegations. State

20  Farm also denies the allegations of this paragraph as overbroad, vague, and ambiguous

21  for failing to set out the specific acts or omissions that Plaintiff alleges amount to

22  reckless disregard for Plaintiff, a high probability that State Farm's actions would cause

23  severe emotional distress, or otherwise show State Farm deliberately stalling any claim,

24  issuing contradictory explanations or excuses, failing to communicate essential

25  coverage information, allowing the home to remain in a hazardous condition, or

26  refusing to take action. State Farm also lacks sufficient information to admit or deny

27  Plaintiff's allegations that Plaintiff suffered any emotional distress or that the home

28

STATE FARM GENERAL INSURANCE COMPANY, INC.'S ANSWER TO
COMPLAINT
Case No. 2:26-cv-01515

1  unjustly remained in a hazardous condition. State Farm therefore denies these
2  allegations.

3      72.    Answering Paragraph 71 of the Complaint, State Farm asserts that this
4  paragraph contains legal conclusions related to State Farm, to which no response is
5  required. To the extent a response is required, State Farm denies the allegations. State
6  Farm also denies the allegations of this paragraph as overbroad, vague, and ambiguous
7  for failing to set out the specific acts or omissions that Plaintiff alleges demonstrate a
8  causal connection between State Farm's alleged misconduct and Defendant's alleged
9  harm, or otherwise amount to intentional or malicious conduct, or any severe emotional
10  distress. State Farm also lacks sufficient information to admit or deny Plaintiff's
11  allegations that Plaintiff suffered any emotional distress. State Farm therefore denies
12  these allegations.

13      73.    Answering Paragraph 72 of the Complaint, State Farm asserts that this
14  paragraph contains legal conclusions related to State Farm, to which no response is
15  required. To the extent a response is required, State Farm denies the allegations. State
16  Farm also denies the allegations of this paragraph as overbroad, vague, and ambiguous
17  for failing to set out the specific acts or omissions that Plaintiff alleges amount to
18  wilfulness, maliciousness, or conscious disregard for Plaintiff's rights or well-being.
19  State Farm also lacks sufficient information to admit or deny Plaintiff's allegations that
20  Plaintiff's rights or well-being were improperly harmed. State Farm therefore denies
21  these allegations.

22      74.    Answering Paragraph 73 of the Complaint, State Farm asserts that this
23  paragraph contains legal conclusions related to State Farm, to which no response is
24  required. To the extent a response is required, State Farm denies the allegations. State
25  Farm also denies the allegations of this paragraph as overbroad, vague, and ambiguous
26  for failing to set out the specific acts or omissions that Plaintiff alleges show an
27  entitlement to general or special damages, or punitive damages, or which otherwise
28  amount to emotional distress or related harm, or any misconduct on the part of State

Farm. State Farm also lacks sufficient information to admit or deny Plaintiff's allegations that Plaintiff suffered any emotional distress or related harm. State Farm therefore denies these allegations.

75.    Answering Paragraph 74 of the Complaint, State Farm asserts that this paragraph contains legal conclusions related to State Farm, to which no response is required. To the extent a response is required, State Farm denies the allegations. State Farm also denies the allegations of this paragraph as overbroad, vague, and ambiguous for failing to set out the specific acts or omissions that Plaintiff alleges amount to a refusal to pay valid claims, use of prolonged delay tactics, disregard for Plaintiff or Plaintiff's living conditions, or extreme conduct or outrageousness.

76.    Answering Paragraph 75 of the Complaint, State Farm asserts that this paragraph contains legal conclusions related to State Farm, to which no response is required. To the extent a response is required, State Farm denies the allegations. State Farm also denies the allegations of this paragraph as overbroad, vague, and ambiguous for failing to set out the specific acts or omissions that Plaintiff alleges amount to a causal connection between alleged misconduct and any alleged harm to Plaintiff, or any severe or ongoing emotional distress, or any inability to repair or remediate an alleged mold contamination in Plaintiff's home, an inability to host or attend a celebration for Plaintiff's daughter, financial hardship, or emotional exhaustion. State Farm also lacks sufficient information to admit or deny Plaintiff's allegations that Plaintiff suffered any emotional distress, lived in a mold-contaminated environment which Plaintiff was unable to remediate, was unable to host or attend any celebration, or experienced any financial hardship or emotional exhaustion. State Farm therefore denies these allegations.

# NINTH CAUSE OF ACTION

**(Violation of California Business and Professions Code Section 17200 – Against All Defendants)**

77.    Answering Paragraph 76 of the Complaint, State Farm incorporates its responses to Paragraphs 1 to 75, inclusive, as through set forth in full.

78.    Answering Paragraph 77 of the Complaint, State Farm asserts that this paragraph contains legal conclusions related to State Farm, to which no response is required. To the extent a response is required, State Farm denies the allegations. State Farm also denies the allegations of this paragraph as overbroad, vague, and ambiguous for failing to set out the specific acts or omissions that Plaintiff alleges amount to unlawful, unfair or fraudulent business practices, or otherwise demonstrate unlawful acts under the California Insurance Code or California Civil Code, unfair acts, delays in owed claim payments, undervaluation of covered damages, forcing Plaintiff to engage in any action, the unreasonableness of any supplemental claims, clear evidence of loss, fraudulent acts, misleading Plaintiff with respect to any policy coverage or exclusions, or intentional withholding of any material information related to the claims process.

79.    Answering Paragraph 78 of the Complaint, State Farm asserts that this paragraph contains legal conclusions related to State Farm, to which no response is required. To the extent a response is required, State Farm denies the allegations. State Farm also denies the allegations of this paragraph as overbroad, vague, and ambiguous for failing to set out the specific acts or omissions that Plaintiff alleges amount to ongoing or systematic business practices designed to minimize payouts or maximize profits at the expense of insured customers that are entitled to any benefit from State Farm. State Farm also lacks sufficient information to admit or deny Plaintiff's allegations that Plaintiff suffered any expense as a result of State Farm's misconduct. State Farm therefore denies these allegations

80.    Answering Paragraph 79 of the Complaint, State Farm asserts that this paragraph contains legal conclusions related to State Farm, to which no response is required. To the extent a response is required, State Farm denies the allegations. State Farm also denies the allegations of this paragraph as overbroad, vague, and ambiguous for failing to set out the specific acts or omissions that Plaintiff alleges amount to any unfair business practices, causal harm from those alleged practices, economic losses, unreimbursed owed repaired costs, improper loss of use of the home, emotional distress and associated expenses, out-of-pocket costs for which coverage or reimbursement is due, including temporary accommodation costs and mitigation efforts. State Farm also lacks sufficient information to admit or deny Plaintiff's allegations that Plaintiff suffered any economic losses for which they are owed reimbursement, lost use of the home, suffered emotional distress or incurred any expenses as a result, or had any out-of-pocket costs or made any mitigation efforts. State Farm therefore denies these allegations.

81.    Answering Paragraph 80 of the Complaint, State Farm asserts that this paragraph contains legal conclusions related to State Farm, to which no response is required. To the extent a response is required, State Farm denies the allegations. State Farm also denies the allegations of this paragraph as overbroad, vague, and ambiguous for failing to set out the specific acts or omissions that Plaintiff alleges amount to entitlement to restitution or injunctive relief, wrongful withholding of any amounts owed, or any continuing unlawful conduct or practices against Plaintiff or any other consumer.

82.    Answering Paragraph 81 of the Complaint, State Farm asserts that this paragraph contains legal conclusions related to State Farm, to which no response is required. To the extent a response is required, State Farm denies the allegations. State Farm also denies the allegations of this paragraph as overbroad, vague, and ambiguous for failing to set out the specific acts or omissions that Plaintiff alleges amount to

STATE FARM GENERAL INSURANCE COMPANY, INC.'S ANSWER TO COMPLAINT
Case No. 2:26-cv-01515

1   entitlement to attorneys' fees or costs pursuant to California Code, or any other form of
2   lawful relief.

6                         **Tenth CAUSE OF ACTION**
7               **(Declaratory Relief - Against All Defendants)**

8       83.    Answering Paragraph 82 of the Complaint, State Farm incorporates its
9   responses to Paragraphs 1 to 81, inclusive, as through set forth in full.

10      84.    Answering Paragraph 83 of the Complaint, State Farm asserts that this
11  paragraph contains legal conclusions related to State Farm, to which no response is
12  required. To the extent a response is required, State Farm denies the allegations. State
13  Farm also denies the allegations of this paragraph as overbroad, vague, and ambiguous
14  for failing to set out the specific acts or omissions that Plaintiff alleges amount to an
15  actual controversy between Plaintiff and Defendant.

16      85.    Answering Paragraph 84 of the Complaint, State Farm asserts that this
17  paragraph contains legal conclusions related to State Farm, to which no response is
18  required. To the extent a response is required, State Farm denies the allegations. State
19  Farm also denies the allegations of this paragraph as overbroad, vague, and ambiguous
20  for failing to set out the specific acts or omissions that Plaintiff alleges amount to any
21  controversy.

22      86.    Answering Paragraph 85 of the Complaint, State Farm asserts that this
23  paragraph contains legal conclusions related to State Farm, to which no response is
24  required. To the extent a response is required, State Farm denies the allegations. State
25  Farm also denies the allegations of this paragraph as overbroad, vague, and ambiguous
26  for failing to set out the specific acts or omissions that Plaintiff alleges demonstrate a
27  coverage that was owed and/or withheld under the Policy with respect to the water
28  damage, mold remediation, or any related property losses; any denial or delays on the

part of State Farm that are inconsistent with any terms or conditions in the Policy or any applicable law; any showing of owed benefits under the policy which were withheld, including any form of covered losses.

87.    Answering Paragraph 86 of the Complaint, State Farm asserts that this paragraph is not directed at State Farm, and so no response is required. To the extent a response is required, State Farm denies the allegations.

88.    Answering Paragraph 87 of the Complaint, State Farm asserts that this paragraph contains legal conclusions related to State Farm, to which no response is required. To the extent a response is required, State Farm denies the allegations. State Farm also denies the allegations of this paragraph as overbroad, vague, and ambiguous for failing to set out the specific acts or omissions that Plaintiff alleges amount to any owed rights under the policy, or any obligations on the part of State Farm to compensation Plaintiff for any outstanding covered losses. State Farm also assets that this paragraph is not directed at State Farm, and so no response is required. To the extent a response is required, State Farm denies the allegations.

89.    Answering Paragraph 88 of the Complaint, State Farm asserts that this paragraph contains legal conclusions related to State Farm, to which no response is required. To the extent a response is required, State Farm denies the allegations. State Farm also denies the allegations of this paragraph as overbroad, vague, and ambiguous for failing to set out the specific acts or omissions that Plaintiff alleges amount to any owed obligations on the part of State Farm under the policy, including for any mold-related damage. State Farm also assets that this paragraph is not directed at State Farm, and so no response is required. To the extent a response is required, State Farm denies the allegations.

## **AFFIRMATIVE DEFENSES**

Defendant asserts the following separate and distinct affirmative defenses in response to the allegations in Plaintiff's Complaint:

STATE FARM GENERAL INSURANCE COMPANY, INC.'S ANSWER TO COMPLAINT
Case No. 2:26-cv-01515

## FIRST AFFIRMATIVE DEFENSE

### (Terms and Conditions of the Policy)

The claims set forth in the Complaint are barred, in whole or in part, by the terms, limitations, exclusions, and conditions of the policy at issue.

## SECOND AFFIRMATIVE DEFENSE

### (Laches)

The causes of action set forth in the Complaint are barred by the doctrine of laches; Plaintiff's unreasonable delay has prejudiced State Farm.

## THIRD AFFIRMATIVE DEFENSE

### (Comparative Negligence)

Injuries or damages sustained by Plaintiff were caused in whole or in part by its own negligence. Consequently, any amount which Plaintiff may be entitled to recover must be reduced by the proportion thereof which is attributable to its own negligence.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff failed to mitigate its damages. To the extent that Plaintiff failed to mitigate, minimize, or avoid any damages they allegedly sustained, recovery against State Farm, if any, must be reduced by that amount.

## SIXTH AFFIRMATIVE DEFENSE

### (Estoppel)

By its actions, Plaintiff is estopped from obtaining any recovery against State Farm.

## SEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

By its actions, Plaintiff has irrevocably waived any and all rights which it might otherwise have had to assert any claims whatever against State Farm.

## EIGHTH AFFIRMATIVE DEFENSE

STATE FARM GENERAL INSURANCE COMPANY, INC.'S ANSWER TO COMPLAINT
Case No. 2:26-cv-01515

**(Void for Vagueness, Unconstitutional Penalty, Violation of State and Federal Constitutional Rights)**

State Farm is informed and believes and based thereon alleges that Plaintiff cannot recover any amount for punitive damages as alleged in his Complaint because California Civil Code Section 3294, pursuant to which punitive damages are sought, is void for vagueness, constitutes an unconstitutional penalty, violates specific State and Federal constitutional rights to procedural and substantive due process and equal protection under the laws thus exposing State Farm to punishment more than once for the same alleged offense, violates the excessive fines clause of the Eighth Amendment of the United States Constitution, gives the finder of fact unlimited discretion in imposing damages, and violates State Farm's rights to procedural due process under the Fifth and Fourteenth Amendments of the United States Constitution. The standard for punitive damages fails to comply with the procedural and substantive requirements for punitive damages set forth in *State Farm Mutual Automobile Ins. Co. v. Campbell* (2003) 538 U.S. 408 in that it lacks sufficiently objective criteria and procedural safeguards to give a jury adequate guidance on an appropriate range of proportionality for punitive damages

## NINTH AFFIRMATIVE DEFENSE

### (Failure to State Facts Sufficient for a Cause of Action)

The Complaint as a whole, and each of its purported causes of action, fails to set forth facts sufficient to constitute any cause of action against State Farm.

## TENTH AFFIRMATIVE DEFENSE

### (Statutes of Limitations)

Any recovery sought by Plaintiff against State Farm is barred by the limitations periods set forth in the California Code of Civil Procedure, beginning with section 335 and continuing through section 349.4, including, specifically, sections 337, 338, and

STATE FARM GENERAL INSURANCE COMPANY, INC.'S ANSWER TO COMPLAINT
Case No. 2:26-cv-01515

343.

### TENTH AFFIRMATIVE DEFENSE

### (Policy Contract Limitations Clause)

Any recovery sought by Plaintiff against State Farm is barred by the limitations periods set forth in the Policy.

### TWELFTH AFFIRMATIVE DEFENSE

### (No Claim Was Submitted to State Farm)

Any recovery sought by Plaintiff against State Farm is barred because no insurance claim was submitted to State Farm regarding the alleged first party loss alleged in the Complaint.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Perform Conditions Precedent)

By its actions, Plaintiff is not entitled to relief under the legal theories invoked in the Complaint because Plaintiff failed to satisfy conditions precedent under the Policy.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure to Perform Obligations)

To the extent that Plaintiff failed to perform all of their obligations under the Policy, there is no coverage.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Notice and Proof of Loss Clause)

To the extent Plaintiff failed to perform his obligations to provide notice and

proof of loss, or to otherwise satisfy his obligations under the Policy and to cooperate with State Farm, there is no coverage under the Policy.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Misrepresentation, Concealment and Fraud)

To the extent that Plaintiff failed to perform their obligations not to conceal or mispresent any material fact or circumstance relating to the Policy, there is no coverage under the Policy.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Examination Under Oath Clause)

To the extent that Plaintiff failed to perform their obligations to provide accurate written proof of claim as soon as possible, and under oath if required, there is no coverage under the Policy.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Third Parties' Acts/Omissions)

Plaintiff's alleged damages were proximately caused or contributed to by the acts or omissions of Plaintiff and/or of other persons or entitles, and not by State Farm.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Genuine Dispute Doctrine)

Plaintiff's cause of action against State Farm for breach of the implied covenant of good faith and fair dealing is barred under the genuine dispute doctrine.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Additional Defenses)

As a separate affirmative defense, Defendants allege that they may have additional defenses herein. Defendants therefore reserve the right to assert additional defenses upon further particularization of Plaintiff's claims, upon examination of the documents which may be provided, upon discovery of further information concerning the alleged damage claims and claims for costs, and upon the development of other pertinent information. Defendants reserve the right to amend their answer herein, including the addition of affirmative defenses after pleading and discovery and in preparation for trial.

## PRAYER

WHEREFORE, Defendant prays for judgment against Plaintiff with regard to the Complaint as follows:

1.    That Plaintiff take nothing by way of the Complaint or otherwise;

2.    That all claims and causes of action contained in the Complaint be dismissed as to Defendant, with prejudice;

3.    That Defendant be awarded costs of suit incurred herein; and

4.    For such other and further relief as this Court may deem just and proper

DATED:  March 12, 2026                          KENNEDYS CMK LLP

By: _____
SHAIN WASSER
ATTORNEYS FOR DEFENDANT,
STATE FARM GENERAL
INSURANCE COMPANY, INC.

STATE FARM GENERAL INSURANCE COMPANY, INC.'S ANSWER TO COMPLAINT
Case No. 2:26-cv-01515